UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAINTERS AND ALLIED TRADES )<br>DISTRICT COUNCIL NO. 35 )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>NORTH RIVER GLASS, CO., INC., )<br>)<br>and its successor )<br>)<br>NORTH RIVER GLASS & )<br>ALUMINUM, L.L.C., )<br>    Defendants. )<br>_____) | C.A. No.: 05-10547-PBS |

### AFFIDAVIT OF HEATHER PALMACCI

Heather Palmacci deposes and states as follows:

1. My name is Heather Palmacci. I am the Collections Manager of the Painters and Allied Trades District Council No. 35 Trust Funds ("Funds"). My office is located at 25 Colgate Road, Roslindale MA 02131. As Collections manager, I am responsible for ensuring that contributing employers to the Funds make timely contributions to the Fund, and that those contributions are properly allocated. I am also responsible for overseeing the collection of delinquent contributions owed to the Funds.

2. The District Council and the Painters & Finishing Employers Association of New England, Inc. ("Contractors Association"), and the Glass Employers Association of New England, Inc., are parties to a collective bargaining agreement (hereinafte "the agreement") with effective dates of July 1, 2002 to June 30, 2006.

3. On October 14, 2004, the Joint Trade Board informed Defendant that due to its delinquency history, it would now be considered a "probationary contractor" and would need to post either a security deposit or a performance bond pursuant to Article IX, Section 1.

4. When Defendant failed to comply with Article IX, Section 1, Painters and Allied Trades District Council No. 35 Trust Funds Administrative Committee brought charges against Defendant on or about January 10, 2005.

5. On or about January 14, 2005, Painters and Allied Trades District Council No. 35 Trust Funds Administrative Committee brought charges against North River Glass for the alleged violation of Article IX, Section 3.

6. The Joint Trade Board informed Defendant in its January 10 and January 14, 2005 letters that it was being summoned to have a representative appear on its behalf before the New England Painting, Finishing & Glazing D.C. No. 35 Joint Trade Board at 11:10 a.m. on Tuesday, February 1, 2005, at the offices of Painters and Allied Trades District Council No. 35, 25 Colgate Road, Roslindale, Massachusetts, to resolve the two matters.

7. On February 1, 2005, a hearing was held before the Joint Trade Board. No one appeared on behalf of the Company. I presented evidence on behalf of the Painters and Allied Trades District Council No. 35 Trust Funds in support of the charge, explaining that North River Glass had failed to pay the required fringe benefit contributions for October, November, and December 2004, and that North River Glass was in arrears for a total of $11,832.12.

8. Based upon the evidence presented, the Joint Trade Board held that Defendant had breached Article IX, Sections 1 and 3 of the agreement by failing to make the required contributions for October, November, and December 2004 in the amount of $11,832.12, and had failed to obtain a security deposit or a fringe benefit bond, in violation of Article IX, Section 1.

9. The Board also held that North River Glass was required to pay 20% liquidated damages and an administrative fee of $200, for a total award of $14,398.54, and ordered it to provide a security deposit of a maximum of $15,000, or a fringe benefit bond in the amount of not less than $50,000.

10. North River Class Co., Inc, made payments to the DC35 Funds for employee contributions from 1998 through March 2002. Tammy Albanese was the President of North River Glass Co., Inc.

11. On or about March 23, 2002, North River Glass & Aluminum, L.L.C., was incorporated by Jacqueline Graham, wife of Harvey Graham, who served as the Project Manager for North River Glass Co., Inc.

12. On April 18, 2002, North River Glass Co., Inc., made payment to the Funds for contributions for March 2002 in the amount of $2954.79. The check was drawn from the account of "North River Glass Co., Inc.", 15 Gristmill Road, Pembroke, MA 02359. The remittance report completed by Defendant and submitted to the Funds listed "North River Glass Co., Inc." as the employer, and the report was completed by Tammy Albanese. The contributions were for employees Vincent Gonveia and Mark Nelson. Copies of said check and remittance report are attached hereto as Exhibits 1 and 2.

13. On June 14, 2002, the Fund received a check for contributions for May 2004 from an account listed as "North River Glass & Aluminum, L.L.C.," 413 Plymouth Street, Halifax, MA 02338, in the amount of $1931.79. The remittance report still listed North River Glass Co., Inc., as the employer, and was again completed by Tammy Albanese. Contributions were again made for the same two employees, Vincent Gonveia and Mark Nelson. Copies of said check and remittance report are attached hereto as Exhibits 3 and 4.

14. No payment was made to the Funds for employees working in May 2002 because no work was performed, but a remittance report was submitted listing North River Glass Co., Inc., as the employer, and was completed by Tammy Albanese. Once again, Vincent Gouveia and Mark Nelson were the only listed employees. A copy of the remittance report is attached hereto as Exhibit 5.

15. On July 9, 2002, payment for contributions for June 2002 was made to the Funds via a check from North River Glass & Aluminum, LLC in the amount of $3117.23. The remittance report also listed North River Glass & Aluminum, LLC as the employer, and was completed by Jesse Graham. Vincent Gouveia and Mark Nelson were again listed as employees. Copies of said check and remittance report are attached hereto as Exhibits 6 and 7.

16. On September 4, 2002, North River Glass & Aluminum, LLC, made payment to the Funds for contributions for July 2002 in the amount of $4964.03. Vincent Gouveia and Mark Nelson were again listed as employees, along with two other individuals for whom contributions were made. Copies of said check and remittance report are attached hereto as Exhibits 8 and 9.

17. On or about March 18, 2004, Painters and Allied Trades District Council No. 35 Trust Funds Administrative Committee brought charges against North River Glass for violating Article IX, Section 3 of the agreement, by failing to make contributions for January 2004. A Joint Trade Board hearing was thereafter scheduled for April 6, 2004. A copy of the letter notifying North River Glass of the charge and hearing date is attached hereto as Exhibit 10.

18. On the morning of the hearing, Harvey Graham contacted the Funds and stated that in lieu of appearing before the Joint Trade Board, he would make an immediate payment of the past due contributions. A check was thereafter delivered to the Funds in the amount of $2927.87, a copy of which is attached hereto as Exhibit 11.

19. North River Glass & Aluminum continued to make contributions and complete and file remittance reports (although not always in a timely fashion) with the Funds for another two years. The last payment made and remittance report filed by North River Glass & Aluminum, LLC was on November 1, 2004, and listed "North River Glass" as the employer. Thereafter, North River Glass stopped making contributions. Copies of North River Glass' last check and remittance report are attached hereto as Exhibits 12 and 13.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 5th DAY OF OCTOBER, 2005.

*Heather Palmacci*
Heather Palmacci

5