UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAINTERS AND ALLIED TRADES<br>DISTRICT COUNCIL NO. 35<br>     Plaintiff,<br><br>v.<br><br>NORTH RIVER GLASS, CO., INC.,<br><br>and its successor<br><br>NORTH RIVER GLASS &<br>ALUMINUM, L.L.C.,<br>     Defendants. | C.A. No.: 05-10547-PBS |

## AFFIDAVIT OF RALPH HARRIMAN

Ralph Harriman deposes and states as follows:

1. My name is Ralph Harriman. I am the Business Manager of the Painters and Allied Trades District Council No. 35 ("District Council"). My office is located at 25 Colgate Road, Roslindale MA 02131. As Business Manager, I am responsible for the day-to-day administration of District Council No. 35, including the maintenance and oversight of all its activities.

2. I am also union co-chair of the New England Painting, Finishing & Glazing D.C. No. 35 Joint Trade Board (hereinafter referred to as "Joint Trade Board"), and the Painters and Allied Trades District Council No. 35 Area Benefit Funds. Therefore, I am familiar with the collective bargaining agreements of the District Council and the awards issued by the Joint Trade Board.

3. Plaintiff is the authorized collective bargaining representative for painters and allied trades employed in Massachusetts, Vermont, Maine, and New Hampshire.

4. The District Council and the Painters & Finishing Employers Association of New England, Inc. ("Contractors Association"), and the Glass Employers Association of New England, Inc., are parties to a collective bargaining agreement (hereinafter "the agreement") with effective dates of July 1, 2002 to June 30, 2006. A copy of the agreement is attached hereto as Exhibit A.

5. Defendant North River Glass Co., Inc., was bound to the agreement by virtue of its having signed a Memorandum of Understanding for Non-Association Independent Contractors on November 2, 1998, which is attached hereto as Exhibit B.

6. Article XIX of the collective bargaining agreement provides for a grievance and arbitration provision for handling disputes that arise under the agreement. Pursuant to Article XIX, Section 1, the Joint Trade Board is made up of representatives from both the District Council and the Contractors Association, and is authorized, pursuant to Article XIX, Section 5 of the agreement, to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints against members of either party to this Agreement, or independent signatory Employer for alleged violations of the same."

7. Article XIX, Section 11 of the agreement mandates that the Joint Trade Board's decisions are binding on the parties, including any independent signatory, unless appealed in accordance with Article XX of the agreement.

8. Article IX, Section 1 of the agreement is titled "Probationary Contractors/Employer Obligations."

9. On October 14, 2004, the Joint Trade Board informed Defendant via letter, which is attached hereto as Exhibit C, that due to its delinquency history, it would now be considered a "probationary contractor" and would need to post either a security deposit or a performance bond pursuant to Article IX, Section 1. When North River Glass failed to comply with Article IX, Section 1, Painters and Allied Trades District Council No. 35 Trust Funds Administrative Committee brought charges against Defendant on January 10, 2005. Article IX, Section 1 of the agreement is titled "Probationary Contractor/Employer Obligations". A copy of the January 10, 2005 letter notifying North River Glass of the charge and the hearing date is attached hereto as Exhibit D.

10. On January 14, 2005, the Joint Trade Board notified North River Glass via certified mail that Painters and Allied Trades District Council No. 35 Trust Funds Administrative Committee had also brought charges against Defendant for the alleged violation of Article IX, Section 3. A copy of the January 14, 2005 letter notifying North River Glass of the charge and the hearing date is attached hereto as Exhibit E.

11. The Joint Trade Board informed North River Glass in its January 10 and January 14, 2005 letters that it was being summoned to have a representative appear on its behalf before the New England Painting, Finishing & Glazing D.C. No. 35 Joint Trade Board at

11:10 a.m. on Tuesday, February 1, 2005, at the offices of Painters and Allied Trades District Council No. 35, 25 Colgate Road, Roslindale, Massachusetts, to resolve the two matters. North River Glass refused to sign for the letters.

12. On February 1, 2005, a hearing was held before the Joint Trade Board. Despite proper notice, no one appeared on behalf of the Company. Heather Palmacci of the Painters and Allied Trades District Council No. 35 Trust Funds presented evidence in support of the charge, explaining that Defendant had failed to pay the required fringe benefit contributions for October, November, and December 2004, and that Defendant was in arrears for a total of $11,832.12.

13. Based upon the evidence presented, the Joint Trade Board held that Defendant had breached Article IX, Sections 1 and 3 of the agreement by failing to make the required contributions for October, November, and December 2004 in the amount of $11,832.12, and had failed to provide a security deposit or obtain a fringe benefit bond, in violation of Article IX, Section 1.

14. The Board also held that North River Glass was required to pay 20% liquidated damages and an administrative fee of $200, for a total award of $14,398.54, and ordered it to provide a security deposit of a maximum of $15,000, or a fringe benefit bond in the amount of not less than $50,000.

15. In a letter dated February 7, 2005 sent via certified mail and attached hereto as Exhibit F, the Joint Trade Board notified Harvey Graham of North River Glass that it had heard the charges on February 1, 2005, had ruled in the District Council's favor, and had assessed an award against North River Glass in the amount of $14,398.54,

payable within ten days following receipt of the award. The Joint Trade Board included a copy of the appeal procedures.

16. The Joint Trade Board also noted in the award that if North River Glass failed to comply with the terms of the award, and the Union prevailed in a judicial enforcement action, attorney's fees would be deemed part of the award, along with interest on the attorney fees counting from a date ten days after North River Glass' receipt of the award. Defendant refused to sign for receipt of the February 7 letter.

17. North River Glass did not appeal the Joint Trade Board's decision within ten days of receipt of the award, nor did it move to vacate the award in federal district court within thirty days of receipt of the award. To date, North River Glass has not made payment of the award.

18. On March 18, 2004, the Joint Trade Board notified Harvey Graham of North River Glass that the Union had brought charges against North River Glass for violating Article IX, Section 3 of the agreement, by failing to make contributions for January 2004. A Joint Trade Board hearing was thereafter scheduled for April 6, 2004.

19. On the morning of the hearing, Harvey Graham contacted the Funds and stated that in lieu of appearing before the Joint Trade Board, he would make an immediate payment of the past due contributions. A check was thereafter delivered to the Funds in the amount of $2927.87.

20. North River Glass & Aluminum continued to make contributions and complete remittance reports (although not always in a timely fashion) and send them to the Funds for another two years. The last payment made and remittance report filed was

on November 1, 2004. Thereafter, North River Glass & Aluminum stopped making contributions.

21.   Article XXIV of the 1998-2002 collective bargaining agreement to which North River Glass Co., Inc., originally was signatory, and which is attached hereto as Exhibit G, contained a successorship provision that binds its successor to the terms of the collective bargaining agreement.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 5th DAY OF OCTOBER, 2005.

*Ralph Harriman*
Ralph Harriman