UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAINTERS AND ALLIED TRADES<br>DISTRICT COUNCIL NO. 35<br>    Plaintiff,<br><br>v.<br><br>NORTH RIVER GLASS, CO., INC.,<br><br>and its successor<br><br>NORTH RIVER GLASS &<br>ALUMINUM, L.L.C.,<br>    Defendants. | C.A. No.: 05-10547-PBS |

## DECLARATION OF DAMAGES AND TAXABLE COSTS

Ralph Harriman deposes and states as follows:

1. My name is Ralph Harriman. I am the Business Manager of the Painters and Allied Trades District Council No. 35 ("District Council"). My office is located at 25 Colgate Road, Roslindale MA 02131. As Business Manager, I am responsible for the day-to-day administration of District Council No. 35, including the maintenance and oversight of all its activities.

2. The District Council and the Painters & Finishing Employers Association of New England, Inc. ("Contractors Association"), and the Glass Employers Association of New England, Inc., are parties to a collective bargaining agreement (hereinafter "the agreement") with effective dates of July 1, 2002 to June 30, 2006.

3. Defendant North River Glass Co., Inc., was bound to the agreement by virtue of its having signed a Memorandum of Understanding for Non-Association Independent Contractors on November 2, 1998.

4. Article XIX of the collective bargaining agreement provides for a grievance and arbitration provision for handling disputes that arise under the agreement. Pursuant to Article XIX, Section 1, the Joint Trade Board is made up of representatives from both the District Council and the Contractors Association, and is authorized, pursuant to Article XIX, Section 5 of the agreement, to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints against members of either party to this Agreement, or independent signatory Employer for alleged violations of the same."

5. Painters and Allied Trades District Council No. 35 Trust Funds Administrative Committee brought charges against Defendant for the alleged violation of the collective bargaining agreement.

6. Following a hearing on the charges, of which Defendant was give notice, the Joint Trade Board duly issued an award on February 7, 2005 sustaining the grievances against Defendant and awarding the District Council and its affiliated funds the amount of $14,398.54. The payment was to be made within ten (10) days of receipt of the award.

7. The Joint Trade Board's award also noted that if North River Glass failed to comply with the terms of the award, and the Union prevailed in a judicial enforcement action, attorney's fees would be deemed part of the award, along with pre-judgment interest on any amount found to be owed by the Defendant

from a date ten days after the Defendant's receipt of the award calculated at 1 ½% above prime up to $500.00 and 2% above prime over $500.00, or any other higher amount allowed by law or regulation.

8. Pre-judgment interest totals $919.05.

9. Plaintiff's reasonable attorney's fees and costs are $3,729.80.

10. Based upon the foregoing, Defendant North River Glass Co., Inc., and its successor, North River Glass & Aluminum, L.L.C., owe the Plaintiff $19,047.39.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 4th DAY OF NOVEMBER 2005.

*Ralph Harriman*
Ralph Harriman